```
ROBERT S. BREWER, JR.
United States Attorney
VALERIE H. CHU
Assistant United States Attorney
California Bar No. 241709
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6750
Email: Valerie.chu@usdoj.gov

Attorneys for United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20MJ_____ |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ALNIK ASSOCIATES LLC, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, ROBERT S. BREWER, JR., United States Attorney, and VALERIE H. CHU, Assistant United States Attorney, and Defendant ALNIK ASSOCIATES LLC, with the advice and consent of Michael L. Lipman, counsel for Defendant, as follows:

### I

### THE PLEA

Defendant agrees to plead guilty to an Information charging Defendant with five counts of wrongful obtaining of individually identifiable health information, in violation of Title 42, United States Code, Section 1320d-6, a misdemeanor.

In exchange, the United States agrees to not prosecute Defendant thereafter on the conduct set forth in the factual basis, unless Defendant breaches the plea agreement, the guilty plea entered pursuant

to this plea agreement is set aside for any reason, or if Defendant commits any additional conduct similar to the conduct described in the factual basis.

If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. The defendant used, obtained, or disclosed individually identifiable health information relating to an individual;
2. That information was maintained by an entity covered by the Health Insurance Portability and Accountability Act ("HIPAA") privacy regulation;
3. The defendant obtained or disclosed the information without authorization; and
4. The defendant did so knowingly and in violation of HIPAA.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant's representatives have fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. ALNIK ASSOCIATES is a limited liability company located in Chula Vista, California, that filed its articles of

organization with the California Secretary of State on September 21, 2001.

2. In or about late 2018, through one of its individual representatives, defendant obtained from an accomplice the individually identifiable health information relating to the following five individuals: "P.A.," "G.B.," "N.N.," "R.S.," and "W.A.," including their names, phone numbers, insurance coverage, and information about their optical conditions (for example, that the person had "DM" (Degenerative Myopia), myopic fundus, or macular degeneration).

3. Defendant agrees that the information about these individuals was maintained by an entity covered by the Health Insurance Portability and Accountability Act ("HIPAA"), where the accomplice was employed.

4. Defendant agrees that it obtained the information without authorization, and did so, through one of its individual representatives, knowingly and in violation of HIPAA.

### III

### **PENALTIES**

The crimes to which Defendant is pleading guilty each carry the following penalties:

   A.  a maximum $50,000 fine; and
   B.  a mandatory special assessment of $10 per count.

//
//

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. Confront and cross-examine adverse witnesses; and

D. Testify and present evidence and to have witnesses testify on behalf of Defendant.

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant's representatives have had a full opportunity to discuss all the facts and circumstances of this case with

defense counsel and have a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant's representatives to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

E.  The disposition contemplated by this agreement is part of a "package" disposition. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the United States is relieved from and not bound by any terms in any agreements in the package.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant's representatives have discussed the

Guidelines with defense counsel and understand that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

The parties agree to recommend immediate sentencing.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

//
//
//
//

## X

## **PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Because the offenses are Class A misdemeanors, the Sentencing Guidelines apply. 18 USC § 3559, USSG § 1B1.9, § 8A1.1. The Guidelines suggest the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

```
1. Base Offense Level [§ 2X5.2]                    6
2. Acceptance of Responsibility [§ 3E1.1]         -2
3. Culpability Score                               5
4. Fine Multiplier                               1 - 2
```
Guidelines Fine                                                    $8,500 to $17,000

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

    2. Falsely denies prior criminal conduct or convictions;

    3. Is untruthful with the Government, the Court or probation officer; or

    4. Breaches this plea agreement in any way.

C. FINE

The parties will jointly recommend that Defendant pay a fine in the statutory maximum amount, $50,000 for each count, for a total of $250,000, to be paid forthwith at the time of sentencing.

## XI

## **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence order actually imposed.

## XII

## **BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    1.   Failing to plead guilty pursuant to this agreement;

    2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes

the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that its representatives have read it. Defendant's representatives have discussed the terms of this agreement with defense counsel and fully understand its meaning and effect.

//
//
//
//
//

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant's representatives have consulted with counsel and are satisfied with counsel's representation. This is the independent opinion of Defendant's representatives, and Defendant's counsel did not advise Defendant about what to say in this regard.

ROBERT S. BREWER, JR.
United States Attorney

February 2, 2021
DATED

*Valerie H Chu*
VALERIE H. CHU
Assistant U.S. Attorney

Defense Counsel's Signature: I am counsel for Defendant ALNIK ASSOCIATES LLC in this matter. I have fully explained to Defendant's representative Defendant's rights with respect to this Plea Agreement. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines, and I have fully explained to Defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one, and I am authorized to sign this Plea Agreement on behalf of Defendant.

1/15/21
DATED

*Michael Lipmann*
MICHAEL LIPMANN
Counsel for Defendant
ALNIK ASSOCIATES LLC.